# KURKOWSKI LAW, LLC

**By: Daniel M. Kurkowski, Esquire (N.J. 020822006)**
1252 Route 109 S.
Cape May, New Jersey 08204
(609) 884-1788; Fax (609) 884-1163
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN, NEW JERSEY

| | |
|---|---|
| JOSEPH T. COOK, JR.; AND ELEANOR T. FOSTER,<br><br>*Plaintiffs*,<br><br>v.<br><br>MPI INDUSTRIES, LLC; AND JOHN DOE INDIVIDUALS AND/OR BUSINESS ENTITIES (PLURAL 1-10) *jointly, severally and in the alternative*,<br><br>*Defendants*. | Case No.:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

## **COMPLAINT**

Plaintiffs, Joseph T. Cook, Jr., residing on New England Road, Cape May, New Jersey; and Eleanor T. Foster, residing on Elm Tree Drive, Buford, Georgia, by and through their counsel, Daniel M. Kurkowski, Esquire of Kurkowski Law, LLC, brings this Complaint against MPI Industries, LLC, and John Doe Individuals and Business Entities (Pl. 1-10) and aver as follows:

## **INTRODUCTION**

1. Plaintiffs bring this Complaint seeking recovery against Defendant for Defendant's violations of the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 *et seq*. for unpaid pay/wages; and the New Jersey Wage and Hour Law (NJWHL), N.J.S.A.

1

34:11-56a, *et seq.* for unpaid pay/wages.

## PARTIES

1. Plaintiff, Joseph T. Cook, Jr., ("Plaintiff Cook") is an individual and citizen of both the State of New Jersey and the United States of America, with a residential address on New England Road, Cape May, New Jersey.

2. Plaintiff, Eleanor T. Foster, ("Plaintiff Foster") is an individual and citizen of both the State of Georgia and the United States of America, with a residential address on Elm Tree Drive, Buford, Georgia.

3. Defendant, MPI Industries, LLC ("MPI" or "Defendant") is, upon information and belief, a private business with a principal place of business located at 731 Blackhorse Pike, Blackwood, Camden County, New Jersey, and address for service at 19950 West Country Club Drive, Suite 101, Aventura, FL 33180.

4. John Doe Individuals and Business Entities (Plural 1-10) are fictitious names and whose identities are unknown to Plaintiffs at the time of the filing of this Complaint and Plaintiffs seek to preserve their rights to amend the Complaint pursuant to the John Doe Rule if additional names of individuals or other business entities become known.

5. All above-named Plaintiffs are jointly referred to as "Plaintiffs."

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.

2. This Court also has supplemental subject matter jurisdiction over the state law claim under the NJWHL pled in this Complaint. 28 U.S.C. §1367.

3. Venue is appropriate in this judicial district as a substantial part of the events or

omissions giving rise to the claims herein occurred in this judicial district; and, Defendant has sufficient contacts in this jurisdiction to be subject to personal jurisdiction herein. 28 U.S.C. §1391(b).

4. At all times relevant hereto Plaintiffs performed duties for Defendant's business located in Camden County, New Jersey within the jurisdiction and venue of this Court.

5. At all times relevant to this Complaint, MPI was and is an employer and enterprise engaged in interstate commerce as defined by 29 U.S.C. §§ 201 and 203.

## FACTS RELEVANT TO ALL COUNTS

### Plaintiff Cook

1. Plaintiff Cook was hired by the MPI, in or about January 2011, as its Chief Financial Officer ("CFO").

2. Plaintiff Cook is an accountant, working essentially his entire career as such.

3. Plaintiff Cook was an adequate, if not excellent, CFO for MPI.

4. MPI provides telecommunication infrastructure and site development, constructs telecommunication towers, lays fiber optic cable, provides servicing and maintenance and provides other related services.

5. Plaintiff Cook was paid a salary of $120,000.00 per year to work as CFO for MPI.

6. Plaintiff Cook was paid his salary on a weekly basis.

7. In or about September 2016, Defendant stopped paying Plaintiff Cook his salary and Defendant's owner continuously promised Plaintiff Cook that he would be paid at a future date.

8. Plaintiff Cook continued to work for Defendant as its CFO despite not being paid after September 2016 based on the representations of its owner that he would be paid at a future date.

9. Plaintiff Cook, other employees and former employees repeatedly reported, disclosed and/or

objected to the failure of Defendant to pay them for all hours they worked to Defendant's administrator because they correctly believed they should be paid for all hours worked and that not paying them for all hours violated a law, rule or regulation promulgated pursuant to law or otherwise violated public policy.

10. Plaintiff Cook was continuously promised that he would be paid for all hours worked.

11. In February 2017, MPI was purchased by another company.

12. The previous owner of MPI had taken significant draws from MPI during the period of approximately August 2016 through approximately February 2017, but failed to pay Plaintiff Cook and approximately six (6) employees' pay/wages for hours worked during the same approximate time period.

13. Plaintiff Cook was not paid twelve (12) weeks of pay in 2016.

14. Plaintiff Cook was not paid six (6) weeks of pay in 2017.

15. Defendant owes Plaintiff Cook $43,200.00 for pay/wages he was not paid for time he worked for Defendant.

16. After MPI was acquired by the new business entity, Plaintiff Cook learned that the former owner had entered into a security agreement with the new business entity in August 2016.

17. Plaintiff Cook complained, disclosed and reported to MPI's new owners or administrators that he was not paid pay/wages dating back to September 2016.

18. Plaintiff Cook requested of MPI's new owners or administrators that he be paid for the weeks he was not paid in 2016 and 2017.

19. Plaintiff Cook was led to believe he was going to paid and continued to work for MPI as its CFO until he wrote to them asking where he pay was and stating that if he was not being paid he would not be working for MPI's benefit any longer.

20. Defendant continued to fail to pay Plaintiff Cook.

21. Defendant violated the FLSA and NJWHL by failing to pay Plaintiff Cook his pay/wages for all hours worked.

**Plaintiff Foster**

22. Plaintiff Foster was hired by the MPI, in or about August 2012, as its National Purchase Order/Billing Manager.

23. Plaintiff Foster, in her position handled all accounts receivable tracking all incoming monies for MPI.

24. Plaintiff Foster was an adequate, if not excellent, Billing Manager for MPI.

25. Plaintiff Foster was paid a salary of $70,000.00 per year to work as Billing Manager for MPI.

26. Plaintiff Foster was paid her salary on a weekly basis.

27. In or about June 2016, Defendant failed to pay Plaintiff Foster her salary, which practice continued intermittently until November 2016 and Defendant's owner continuously promised Plaintiff Foster that she would be paid at a future date.

28. Defendant ceased paying Plaintiff Foster her pay/wages altogether in or about November 2016.

29. Plaintiff Foster continued to work for Defendant despite not being paid for weeks in summer 2016 and not be paid altogether after November 2016 based on the representations of its owner that she would be paid at a future date.

30. Plaintiff Foster, other employees and former employees repeatedly reported, disclosed and/or objected to the failure of Defendant to pay them for all hours they worked to Defendant's administrator because they correctly believed they should be paid for all hours worked and that not paying them for all hours violated a law, rule or regulation promulgated pursuant to law or

5

otherwise violated public policy.

31. Plaintiff Foster was continuously promised that she would be paid for all hours worked.

32. Plaintiff Foster was paid for approximately two weeks in December 2016.

33. Plaintiff Foster is owed $10,707.68 in unpaid pay/wages for weeks in 2016 and 2017 by Defendant.

34. Plaintiff Foster complained, disclosed and reported to MPI's new owners or administrators that she was not paid pay/wages dating back to November 2016.

35. Plaintiff Foster requested of MPI's new owners or administrators that she be paid for the weeks she was not paid in 2016 and 2017.

36. Defendant continued to fail to pay Plaintiff Foster.

37. Defendant violated the FLSA and NJWHL by failing to pay Plaintiff Foster her pay/wages for all hours worked.

38. Defendant's actions or inactions violate the FLSA and NJWHL, which state that employees must be paid for all hours worked.

## **COUNT ONE**

1.   Plaintiff repeats the allegations contained in the preceding Facts Relevant to All Counts Section and incorporates them as Paragraph 1 of this Count One as though they were fully set forth at length herein.

2.   At all times relevant to Plaintiffs' claims, they were employees of Defendant.

3.   As set forth herein, Defendant unlawfully failed and refused to pay Plaintiffs' pay/wages for all hours worked during a workweek.

4.   In addition to pay/wages owed, Plaintiffs are also entitled to an award of liquidated damages in an amount equal to the wages owed.

5. Defendant, by the above acts, has violated the overtime provisions of the Fair Labor Standards Act, warranting an award of pay/wages due and an award of liquidated damages.

6. Said violations have been willful within the meaning of 29 U.S.C. §255.

7. As a direct and proximate result of Defendant's conduct in violations of the FLSA aforesaid, Plaintiffs have suffered economic damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgement;

   a. declaring that the acts and practices complained of herein are in violation of the FLSA;

   b. declaring that the acts and practices complained of herein are willful violations within the meaning 29 U.S.C. Sec. 255(a);

   c. enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

   d. directing Defendant to make Plaintiffs whole for all unpaid pay/wages due as a consequence of Defendant's violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

   e. directing Defendant to pay Plaintiffs an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

   f. awarding Plaintiffs the costs of this action together with reasonable attorney's fees, as provided for in 29 U.S.C. Sec. 216(b); and

   g. granting such other and further relief as this Court deems necessary and proper.

## **COUNT TWO**

1. Plaintiffs repeats the allegations contained in the preceding Facts Relevant to All

Counts Section and incorporate them as Paragraph 1 of this Count Two as though they were fully set forth at length herein.

2. At all times relevant to Plaintiffs' claims, they were employees of Defendant.

3. As set forth herein, Defendant unlawfully failed and refused to pay Plaintiffs' pay/wages for all hours worked during a workweek.

4. Defendant, by the above acts, has violated the overtime provisions of the New Jersey Wage and Hour Law, warranting an award of pay/wages due.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgement;

    h. declaring that the acts and practices complained of herein are in violation of the NJWHL;

    i. directing Defendant to make Plaintiffs whole for all unpaid pay/wages due as a consequence of Defendant's violation of the NJWHL, together with interest thereon from the date(s) such pay/wages were due but unpaid;

    j. awarding Plaintiffs the costs of this action together with reasonable attorney's fees, as provided for in N.J.S.A. 34:11-56(a)(25); and

    k. granting such other and further relief as this Court deems necessary and proper.

    KURKOWSKI LAW, LLC

    */s/    Daniel Kurkowski*
    Daniel M. Kurkowski, Esq.
    Attorneys for Plaintiff

Dated: March 23, 2017

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that there are no other actions to my knowledge pending in any Court concerning the subject matter of the Complaint contained

herein. I further certify that there are no other parties to my knowledge who should be joined in this action at this time.

Nothing contained in this Complaint shall be construed or deemed an admission, of any kind, against Plaintiffs. This is not a verified complaint and is a document prepared by counsel.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KURKOWSKI LAW, LLC

*/s/ Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: March 23, 2017

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure for all issues so triable.

KURKOWSKI LAW, LLC

*/s/ Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: March 23, 2017

## DEMAND TO PRESERVE EVIDENCE

1. All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' employment, to Plaintiffs' causes of action and/or prayers for relief, to any defenses to the same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheet,

employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Google+, Snapchat, etc.) and any other information and /or data and/or things and/or documents, including specifically but not limited to the time cards, time sheets, and/or log books and all payroll records (both physical documents and electronic documents and/or data), which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

KURKOWSKI LAW, LLC

*/s/        Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: March 23, 2017